NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAK MARKETING, LLC, | : | |
| Plaintiff, | : | |
|  | : | Civ. No. 10-5137 (GEB) |
| v. | : | |
|  | : | **MEMORANDUM OPINION** |
| ANOOP AGGARWAL ET AL., | : | |
| Defendants. | : | |

**BROWN, Chief Judge:**

This matter comes before the Court upon the motion of Defendants Royal Overseas, Inc., ABG Apparel P Ltd, Kanika Overseas, Inc., Kanika Overseas Corporation, and OM Fashion, Inc. (collectively, "Defendants") to dismiss the complaint filed by Plaintiff JAK Marketing, LLC ("JAK"). (Doc. No. 5) JAK opposes Defendants' present motion. (Doc. No. 13) The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will deny Defendants' present motion, and *sua sponte* order JAK to show cause why this case should not be dismissed pursuant to the doctrine of *forum non conveniens*.

**I.     BACKGROUND**

This motion presents the question of whether personal jurisdiction exists over Defendants, all corporations incorporated in the Republic of India, in light of the international trademark dispute brought by JAK, a New Jersey limited liability corporation. The basic relevant factual allegations follow.

Fundamentally, JAK alleges that it contracted with each of the Defendants to manufacture, or to support the manufacture, of clothing exclusively for purchase and resale by JAK in New Jersey. JAK owned trademarks on all clothing manufactured by Defendants, and in its complaint, claims that Defendants committed trademark infringement by continuing to manufacture, distribute, and sell JAK's trademarked clothing after business relations concluded in 2009. In their present motion, however, Defendants each assert that they ceased all business in 2009, and as such, Defendants deny the existence of any and all contacts with the state of New Jersey.

In response, JAK contends that Defendants are corporations that were created for the sole purpose of doing business with JAK in New Jersey. With respect to Defendants' contacts with the forum state, JAK argues that Defendants engaged in extensive and ongoing transactions with JAK in New Jersey over a period of years. Specifically, JAK alleges that representatives of the corporate Defendants traveled to New Jersey on multiple occasions to attend meetings and training sessions for the purpose of increasing sales. Further, JAK alleges that sales between the parties ultimately amounted to hundreds of thousands of dollars. In light of this, JAK argues that Defendants' ongoing and exclusive transactions with a New Jersey corporation, for the sole purpose of manufacturing and reselling clothes to New Jersey consumers, establish sufficient contacts to permit the exercise of personal jurisdiction.

**II.    DISCUSSION**

    **A. Personal Jurisdiction**

        **1. Legal Standard**

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, a federal district court has

personal jurisdiction over a non-resident to the extent authorized by the law of the forum state in which the district court sits. *A.V. Imps. v. Col de Fratta, S.p.A.*, 171 F. Supp. 2d 369, 370 (D.N.J. 2001). New Jersey's long-arm statute allows this Court to assert personal jurisdiction over a non-resident defendant to the fullest limits of due process. *Decker v. Circus Circus Hotel*, 49 F. Supp. 2d 743, 745-46 (D.N.J. 1999) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992)). The requirements of the Due Process Clause can only be satisfied by a showing that: (1) the defendant has certain minimum contacts with the forum such that; (2) the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Verotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150-51 (3d Cir. 1996) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff bears the burden of presenting a prima facie case for the court's exercise of personal jurisdiction by demonstrating "'with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1223 (3d. Cir. 1992) (quoting *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987); *see also Carteret Sav.*, 954 F.2d at 145-46.

A court may exercise either general or specific personal jurisdiction. Specific jurisdiction is attained when the controversy is related to or "arises out of" a defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Otherwise, if the suit does not arise out of or relate to the defendant's contacts with the forum state, the Court may exercise general jurisdiction if such contacts with the forum constitute "continuous and systematic general business contacts." *Id.* at 415-16. Minimum contacts exist then only if the "defendant's conduct and connection with the forum State are such that he should

reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *World-Wide Volkswagen Corp. V. Woodson*, 444 U.S. 286, 297 (1980)).

For specific jurisdiction to exist, the plaintiff must satisfy two requirements. First, "the plaintiff must show that the defendant has constitutionally sufficient 'minimum contacts' with the forum." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Burger King*, 471 U.S. at 474). In evaluating minimum contacts, the Court first looks at the relationship between the defendant and the forum, specifically whether the defendant has directed enough activity toward the forum state to reasonably anticipate being haled into court there. *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 155 (D.N.J. 1990) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Second, the court must determine whether doing so would comport with "traditional notions of 'fair play and substantial justice.'" *IMO Indus.*, 155 F.3d at 259 (quoting *Int'l Shoe*, 326 U.S. at 316).

In providing evidence of minimum contacts for the purpose of establishing general jurisdiction, the plaintiff bears the rigorous burden of showing that the defendant has substantial, continuous and systematic contacts with the forum state which are central to the defendant's business. *Osteotech, Inc. V. Gensci Regeneration Sci., Inc.*, 6 F. Supp. 2d 349, 353 (D.N.J. 1998) (citing *Helicopteros*, 466 U.S. at 414-16). Plaintiffs must show significantly more than bare minimum contacts with the forum state, and must establish general jurisdiction therough an assertion of extensive and pervasive facts. *Reliance Steel Prods. Co. V. Waston, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982). The court generally assesses "the nature and quality of business contacts the defendant has initiated with the forum: direct sales in the forum, maintenance of a sales force in the state, advertising targeted at the residents of the forum state,

4

and the derivation of a significant slice of revenue from activity within the state." *Allied Leather Corp. V. Altama Delta Corp.*, 785 F. Supp. 494, 498 (M.D. Pa. 1992). The court also considers whether the defendant owns any property within the forum state, is incorporated there, has a registered agent for service of process, owns stock or pays taxes in the forum state. *Peek v. Golden Nugget Hotel & Casino*, 806 F. Supp. 555, 558 (E.D. Pa. 1992).

### 2. Application

JAK argues that this Court may exercise specific jurisdiction over Defendants because its claims arise from and are related to Defendants' purposeful availment of the privilege of conducting business activities in the State of New Jersey. In particular, JAK contends that Defendants' knowledge that the specific purpose of their business efforts was to manufacture garments for wholesale, shipment, distribution and resale in New Jersey, coupled with several appearances by Defendants to the forum State to increase sales, is enough to satisfy the minimum contacts requirement and, therefore, to establish specific jurisdiction. The Court agrees, and concludes that JAK has demonstrated sufficient contacts between Defendants and the State of New Jersey to establish personal jurisdiction over JAK Marketing's claims that arise from these contacts.

Minimum contacts under *International Shoe* requires a showing of a defendant's purposeful availment of the forum state, and that the cause of action arises from the defendant's contacts in the forum ("relatedness"). *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). To establish a defendant's purposeful availment, it is "necessary" to show "a deliberate targeting of the forum." *O'Connor*, 496 F.3d at 317. Conduct indicative of deliberate targeting would include "designing the product for the market in the forum State, advertising in the forum State,

5

establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Asahi*, 480 U.S. at 112 (*O'Connor plurality*).  Courts consider other factors such as "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to determine whether a defendant "purposefully established contacts with the forum."  *Id.* (quoting *Burger King*, 471 U.S. at 479).  Communications between the parties, such as "[m]ail and telephone communications . . . may count toward the minimum contacts that support jurisdiction."  *Grand Entm't*, 988 F.2d at 482; *see also Carteret Sav. Bank*, 954 F.2d 147-48 (citing *Lebel v. Everglades Marina, Inc.*, 115 N.J. 317, 325 (1989)).  Indeed, courts have found that a single telephone call into the forum state may be enough to support a finding of specific jurisdiction.  *See Taylor v. Phelan*, 912 F.2d 429, 433 n. 4 (10th Cir. 1990).

      Here, for present purposes, the record sufficiently establishes that JAK and Defendants coordinated efforts to sell garments in the state of New Jersey.  JAK contends that Defendants' establishment of several manufacturing companies for the purpose of selling clothes to New Jersey consumers, their ongoing shipment of products to New Jersey, and their billing and payment of invoices in New Jersey, all constitute New Jersey contacts.  Invoices are among the types of correspondence that have been found to establish minimum contacts in other cases.  *See, e.g.*, *Grand Entm't*, 988 F.2d at 482; *Carteret Sav. Bank*, 954 F.2d 147-48; *Taylor*, 912 F.2d at 433 n. 4.  Taken together, the Court concludes that the noted contacts are sufficient to indicate Defendants' purposeful availment of the market in New Jersey.  In addition, JAK submits that individuals representing Defendants' corporations attended meetings and training sessions in New Jersey on multiple occasions for the purpose of increasing sales.  The Court concludes that

the noted contacts are related to the trademark infringement that serves as the basis of Plaintiff's cause of action, and thus, that JAK satisfies both the purposeful availment and relatedness prongs of the specific jurisdiction test.

In sum, the Court concludes that personal jurisdiction over Defendants in this matter exists because JAK has alleged sufficient facts regarding Defendants' contacts with New Jersey to present a prima facie case for personal jurisdiction. The Court concludes that Defendants' have directed sufficient activity toward New Jersey, and that they can reasonably expect to be subject to legal action in New Jersey.

### B. *Forum Non Conveniens*

Having reviewed JAK's operative pleading in this case, it appears that dismissal of this case pursuant to the doctrine of *forum non conveniens* may be appropriate. *E.g.*, *Windt v. Qwest Communs. Int'l, Inc.*, 544 F. Supp. 2d 409, 418 (D.N.J. 2008) (Brown, C.J.). As such, the Court will *sua sponte* order JAK to show cause in writing pursuant to the terms established in the accompanying form of order, why the Court should not take that action.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction will be DENIED. (Doc. No. 5) Additionally, the Court will issue for JAK to show cause why this case should not be dismissed pursuant to the doctrine of *forum non conveniens*. An appropriate form of order accompanies this memorandum opinion.

Dated: February 10, 2011

                                                /s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.